**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEVIN LAWRENCE MUMFORD,
a/k/a Playboy,

Defendant-Appellant.

No. 10-6065
(D.C. No. 5:09-CR-00114-M-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **EBEL**, and **HOLMES**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Keven Lawrence Mumford's plea

agreement. The defendant pleaded guilty to distribution of cocaine base and

cocaine powder in violation of 21 U.S.C. § 841(a). The district court sentenced

defendant to a total of 164 months' imprisonment. This sentence was below the

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

statutory maximum of forty years' imprisonment and two years *less* than the advisory guideline range determined by the district court, because of a downward variance granted by the court based on the defendant's cooperation. In his plea agreement, the defendant "knowingly and voluntarily waive[d] his right to . . . [a]ppeal or collaterally challenge his guilty plea, sentence, and restitution imposed, and any other aspect of his conviction" or "his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the guideline range determined by the Court to apply to [his] case." Mot. to Enforce, Attachment 1 (Plea Agreement) at 5-6. Nevertheless, the defendant filed a notice of appeal, seeking to challenge his sentence. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

In *Hahn*, 359 F.3d at 1325, this court held that "in reviewing appeals brought after a defendant has entered into an appeal waiver," this court will determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver

-2-

invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (quotations omitted).

Defendant seeks to raise two claims on appeal: (1) that the penalty provisions of 21 U.S.C. §§ 841(b) or (c) should have been applied at sentencing, rather than § 841(a); and (2) that he received ineffective assistance of counsel in connection with the inducement and negotiation of the guilty plea. The defendant states generally that "the plain language of the plea agreement waiver does not cover the issues [he] seeks to raise." Response Br. at 5. But quite clearly, his appeal waiver does prohibit an appeal from his sentence, and defendant does not provide any argument to the contrary. The sentence imposed was below the advisory guideline range determined by the court and, therefore, defendant's proposed sentencing claim is within the scope of the appeal waiver.

Defendant argues that his ineffective-assistance-of-counsel claim is outside the scope of the appeal waiver because it does not include a waiver of that claim. An ineffective assistance of counsel claim must ordinarily be raised in a collateral 28 U.S.C. § 2255 proceeding. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (holding that this rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel). Indeed, the defendant acknowledges that, because his claim will depend on extra-record investigation, this claim is not properly brought on direct appeal. Although his appeal waiver does not expressly address ineffective assistance of

counsel claims, we have held that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). Thus, defendant is not prohibited by the appeal waiver from raising this claim in a § 2255 motion.

The defendant does not argue that he did not knowingly and voluntarily waive his appellate rights or that enforcing the waiver would result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. Accordingly, the government's motion is GRANTED, and the appeal is DISMISSED, without prejudice to the defendant's right to raise an ineffective assistance of counsel claim in a collateral proceeding.

ENTERED FOR THE COURT
PER CURIAM